```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| INDUSTRIAL UNLIMITED | : |
| v. | : Civil Action No. DKC 2005-2685 |
| NATIONAL AMUSEMENT ENTERTAINMENT, INC., et al. | : |

## ORDER

On September 27, 2005, this case was removed here from the Circuit Court for Prince George's County, Maryland. On October 4, 2005, defendants collectively filed a Motion to Dismiss. On October 5, 2005, Plaintiff filed a motion titled "Order to Dismiss the State of Maryland Attorney General Office Motion to Dismiss". The State of Maryland is not a party in this action. A review of Plaintiff's motion shows that this is not a Motion to Dismiss, but rather, may be a request that the State of Maryland represent Plaintiff. It also appears to contain an objection to the removal of the action from state court. Plaintiff appears to seek review in the Circuit Court as an avenue to appeal to the Court of Appeals of Maryland.

The Plaintiff is identified in the complaint as "Industrial Unlimited for the People of Prince George's County." The recently filed paper is brought by "Industrial Unlimited Production." The papers are signed by Jeffrey Glen Walls.

This is the second time the undersigned has considered an

action brought by Mr. Walls on behalf of Industrial Unlimited. The first, DKC 2005-0906, was dismissed and an appeal was dismissed by the United States Court of Appeals for the Fourth Circuit.

As stated in the earlier action, a non natural entity, such as Plaintiff, may only proceed if represented by counsel, and may not be represented by Mr. Walls, who is not an attorney. There is no mechanism for this court to direct that the Attorney General of Maryland, or any attorney, represent the entity that seeks to bring this action. Thus, the action is, as noted by Defendants, subject to dismissal.

Moreover, Defendants removed this action to this court on the basis of 28 U.S.C. §§ 1331 and 1441, because the complaint asserts federal claims for employment discrimination. While a state court may also have jurisdiction over the case, a defendant is entitled to remove the action to this court under these circumstances. Thus, Plaintiff may not complain about the removal, nor does any basis for remand appear in the record.

Thus, Plaintiff's motion will be denied. In addition, Defendants' motion to dismiss will be granted. Mr. Walls may not bring this action on behalf of Industrial Unlimited.

             /s/
    DEBORAH K. CHASANOW

                                        United States District Judge